UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                      :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | (Jointly Administered) |

------------------------------------------------------x
         :

| | | |
|---|---|---|
| HK International Funds Investments (USA) Limited, LLC | : | |
| | : | |
| Plaintiff | : | Adv. Proceeding No. 22-05003 |
| v. | : | |
| | : | |
| Ho Wan Kwok | : | |
| | : | |
| Defendant | : | |
| | : | |

------------------------------------------------------x
         :

| | | |
|---|---|---|
| Chapter 11 Trustee Luc A. Despins | : | |
| | : | |
| Counter-Plaintiff | : | |
| v. | : | |
| | : | |
| HK International Funds Investments (USA) Limited, LLC, and Mei Guo | : | |
| | : | |
| Counter-Defendants. | : | |

------------------------------------------------------x

**LOCAL RULE 56(A)1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF CHAPTER 11 TRUSTEE FOR ESTATE OF HO WAN KWOK FOR PARTIAL SUMMARY JUDGMENT ON FIRST COUNTERCLAIM**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Pursuant to Local Rule 56(a)(1) of the Local Rules for the District of Connecticut, Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor") respectfully submits this statement of undisputed material facts in support of his Motion for Partial Summary Judgment (the "Motion").

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    Parties

1.    Counter-Defendant HK International Funds Investments (USA) Limited, LLC ("HK USA") is a Delaware limited liability company. *Complaint for Declaratory Relief* [Adv. Proc. ECF No. 1] (the "Complaint"), ¶ 1.

2.    HK USA has no directors, officers, or employees; has no dedicated e-mail server or e-mail suffix; does not file tax returns; and has no bank account and is not otherwise capitalized.[2]

3.    Counter-Defendant Mei Guo (together with HK USA, the "Counter-Defendants") is HK USA's sole member[3] and the Debtor's Daughter. Complaint, ¶ 3.

4.    Mei Guo is "deeply intertwined with the Debtor[.]" *Order Granting Motion to Seal and for Protective Order* [Main Case ECF No. 1552] at 4.

5.    At no time since Ms. Guo has allegedly owned the Lady May through HK International and/or HK USA has either entity ever held a bank account. Complaint, ¶ 24.

### B.    PAX's Litigation Against Debtor and Entry of Restraining Order

6.    On April 18, 2017, Pacific Alliance Asia Opportunity Fund L.P. ("PAX") filed a complaint against the Debtor before Justice Ostrager in the Supreme Court of the State of New

---

[2]    Letter from L. Vartan, counsel to Mei Guo and HK USA, to E. Moss, counsel to PAX, dated June 7, 2021, at 1. This June 7, 2021 letter is attached to the Bassett Declaration as **Exhibit 20**.

[3]    *Id.* at 1 ("[HK USA] was formed in September 2018 as a Delaware limited liability company. Its sole member is Ms. Mei Guo, and its sole asset is the Lady May yacht[.]").

York, County of New York (the "State Court") in connection with amounts allegedly owing by the Debtor to PAX under the Debtor's guaranty of a loan PAX made to one of the Debtor's business entities in 2008 (the "NY Action").[4]

7.      On September 15, 2020, PAX prevailed on its motion seeking summary judgment on its breach of contract claim against the Debtor.[5]

8.      On February 3, 2021, the State Court entered an order awarding PAX a judgment in connection with its breach of contract claim in the amount of $116,402,019.57 (the "PAX Judgment").[6]

9.      On September 25, 2020, PAX filed a motion in the State Court seeking a restraining order pursuant to New York Civil Practice Law & Rule ("CPLR") 5229, alleging, among other things, that the Debtor would "take steps to dissipate his assets or otherwise frustrate the judgment in this case" (the "CPLR Motion").[7]

10.     On September 30, 2020, the State Court entered a temporary restraining order restraining the Debtor from, among other things, "making or causing any sale, assignment, transfer, or interference with any property in which he has an interest."[8]

11.     On October 15, 2020, the State Court held a hearing with respect to PAX's CPLR Motion and the Debtor's opposition thereto.[9]

---

[4]     The complaint filed by PAX against the Debtor in the State Court is attached to the *Declaration of Nicholas A. Bassett* (the "Bassett Declaration") as **Exhibit 1**.

[5]     The State Court's Decision and Order is attached to the Bassett Declaration as **Exhibit 2**.

[6]     The Judgment is attached to the Bassett Declaration as **Exhibit 3**.

[7]     The CPLR Motion is attached to the Bassett Declaration as **Exhibit 4**.

[8]     The temporary restraining order is attached to the Bassett Declaration as **Exhibit 5**.

[9]     *See* Oct. 15, 2020 Hr'g Tr., *PAX v. Kowk*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 647, attached to the Bassett Declaration as **Exhibit 6**.

12.     At the hearing, Justice Ostrager stated, among other things, in comments directed at the Debtor and his counsel:

> a) "The Court believes . . . that Mr. Kwok has attempted to mislead the Court. The Court believes that Mr. Kwok is, as the plaintiff contends, playing a shell game with his assets, and has violated if not the letter of court orders, the spirit of court orders."[10]

> b) "[W]e are not going to have any more shell games. Wherever these assets are held, they are going to remain held where they presently reside, and if it's determined that the entities that are presently listed as the owners of the assets are the alter ego of Mr. Kwok or are wholly dominated and controlled by Mr. Kwok, those assets will be made available to satisfy any judgment that the plaintiff recovers."[11]

> c) "The intent here which is very clear and specific is that in this 2017 case in which there's been a great deal of gamesmanship, a great deal of dissembling, and some flagrant disregard of court orders, I want to know if any transaction is going to take place in which Mr. Kwok is the guiding hand that's something other than an ordinary course of business transaction."[12]

> d) "[O]rders of the Court are either flaunted or exceedingly liberally interpreted, and . . . intentional or unintentional misstatements that have misled the Court have been made to the Court[.]"[13]

13.     On the same day, October 15, 2020, the State Court entered an order (the "October 2020 Restraining Order") providing that the Debtor "and/or the registered owners of (1) the Residence at the Sherry Netherland Hotel and (2) the yacht, 'the Lady May' are restrained from making or causing any sale, assignment, transfer, or interference with those assets."[14]

14.     HK USA is nominally the registered owner of the Lady May. Complaint, ¶ 2.

---

[10]   Bassett Decl., Ex. 6 at Tr. at 21:13-16.

[11]   *Id.* at. 22:7-14.

[12]   *Id.* at 24:8-14.

[13]   *Id.* at 26:5-8.

[14]   Decision and Order at 1, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 630 (emphasis added). The October 2020 Restraining Order is attached to the Bassett Declaration as **Exhibit 7**.

C.     **Violation of State Court Restraining Order and Contempt Order**

15.     On November 18, 2020, in a letter filed with the State Court, counsel to PAX

reported the following information with respect to the Lady May:

> Based on publicly available information, which we accessed at
> MarineTraffic.com . . . we understand that the yacht departed Fort
> Lauderdale, Florida, on November 1, 2020, and, as of today, is
> located in the Bahamas at or near Old Fort Bay, Nassau. In fact, it
> appears that the yacht was already out of the jurisdiction on
> November 12, 2020, when Mr. Siegal (presumably carrying out Mr.
> Kwok's instructions) asked Justice Ostrager if Mr. Kwok could send
> the yacht out of the jurisdiction. This is particularly concerning
> given Mr. Kwok's history of making misrepresentations throughout
> this litigation.[15]

16.     On December 24, 2020, PAX filed a motion seeking that the Debtor be held in

contempt based on the Lady May having left the jurisdiction.[16]

17.     On March 17, 2021, the State Court issued a decision and order holding the Debtor

in contempt (the "March 2021 Contempt Order") and stating, among other things, the following:

> The Court has reviewed the extensive submissions of the parties in
> connection with PAX's motion to hold Kwok in contempt. Passing
> the issue of whether any of Mr. Kwok's attorneys have violated the
> Code of Professional Conduct, it is clear that there has been an
> intolerable amount of gamesmanship, dissembling, and deceit in
> proceedings before this Court relating to the whereabouts and
> ownership of the yacht "Lady May.".
>
> The defendant claims that the yacht was removed from the
> jurisdiction of this Court for "ordinary course" "winter
> maintenance" notwithstanding restraints imposed on the movement
> of the yacht by the Court. Rather than catalogue the many "shell
> games" defendant Kwok has engaged in with the assistance of
> counsel who should know better, the Court grants the motion for
> contempt to the following extent: For every day that the yacht is

---

[15]    Letter from E. Moss to M. Carvalho, dated November 18, 2020, *PAX v. Kwok*, Index No. 652077/2017 (N.Y.
Sup. Ct.), NYSCEF Doc. No. 692 (internal citations omitted). The letter is attached to the Bassett Declaration as
**Exhibit 8**.

[16]    December 24, 2020 Notice of Motion for Order of Contempt Against Defendant Kwok, *PAX v. Kwok*, Index No.
652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 688. This motion is attached to the Bassett Declaration as
**Exhibit 9**.

outside the jurisdiction of this Court after May 15, 2021, defendant Kwok will be fined $500,000. The other restraints relating to the ownership and control of the yacht remain in place.[17]

**D.    Failure to Return Lady May and Subsequent Contempt Fines**

18.    On May 27, 2021, the State Court held a hearing in connection with PAX's efforts to obtain documents in discovery from Golden Spring (New York) Ltd.[18]

19.    At that hearing, Justice Ostrager made the following comments with respect to the Debtor and his related entities:

a) "Mr. Kwok is incurring $500,000 per day in contempt penalties. I understand that Mr. Kwok believes that these court proceedings are a game of evasion -- that he wants to play."[19]

b) "Mr. Kwok has exhausted the Court's patience with his antics."[20]

c) "Mr. Kwok leads a rather extravagant lifestyle, [yet] purports to have zero assets whatsoever."[21]

d) "Mr. Kwok flaunts the Court's orders at will."[22]

e) "Mr. Kwok has apparently no concern for the $500,000 a day sanction for flagrantly violating prior orders of the Court with respect to the boat that [Golden Spring] is paying to maintain and transport."[23]

f) "[PAX's counsel] has been pursuing enforcement of a judgment for years now, and it's been my misfortune to have to have presided over these many, many, many motions and hearings, none of which are producing the results that the Court has ordered because Mr. Kwok directly or indirectly through his companies ignores Court orders."[24]

---

[17]    Decision and Order on Motion at 2, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 728 (emphasis added). The March 2021 Contempt Order is attached to the Bassett Declaration as **Exhibit 10**.

[18]    *See* May 27, 2021 Hr'g Tr., *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 833. The May 27, 2021 hearing transcript is attached to the Bassett Declaration as **Exhibit 11**.

[19]    Bassett Decl., Ex. 11 at 9:1-3.

[20]    *Id.* at 9:23-24.

[21]    *Id.* at 10:2-3.

[22]    *Id.* at 16:8-9.

[23]    *Id.* at 17:1-5.

[24]    *Id.* at 18:1-6.

20.     On July 8, 2021, PAX filed a motion (the "Final Contempt Motion") in the State Court seeking a final contempt order against the Debtor in connection with the ongoing violation of the March 2021 Contempt Order.[25]

21.     On July 19, 2021, together with the filing of the Debtor's opposition to the Final Contempt Motion (which opposed the motion on the basis that the Debtor did not own the Lady May and sought a stay pending the appeal of the March 2021 Contempt Order), counsel to HK USA, attorney Lee Vartan, filed an "Affirmation" in opposition to the Final Contempt Motion (the "Vartan Affirmation").[26]

22.     The Vartan Affirmation asserted, among other things, that HK USA was the owner of the Lady May and that HK USA's "property interests are being affected by" the Final Contempt Motion.[27]

23.     On July 21, 2021, the State Court held a preliminary hearing on the Final Contempt Motion, at which hearing Mr. Vartan appeared as counsel for HK USA.[28]

24.     At the hearing, Justice Ostrager made the following comments, among others:

a) "I don't believe that [PAX's counsel] has met -- met his burden on the record that's presently before the Court for a final court order of civil contempt, because there is an issue about the ownership of the ship, although it would seem that [PAX's counsel] has made more than a prima facie showing that all of these entities that allegedly control the ship are controlled by Mr. Kwok."[29]

---

[25]  Memorandum of Law in Support of PAX's Motion for a Final Order of Civil Contempt, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 857. The Final Contempt Motion is attached to the Bassett Declaration as **Exhibit 12**.

[26]  Vartan Affirmation , dated July 19, 2021, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 867. The Vartan Affirmation is attached to the Bassett Declaration as **Exhibit 13**.

[27]  Bassett Decl., Ex. 13 at ¶ 4.

[28]  July 21, 2021 Hr'g Tr. at 3:19-20. The July 21, 2021 hearing transcript is attached to the Bassett Declaration at **Exhibit 14**.

[29]  Bassett Decl., Ex. 14 at 13:15-23.

b) "Mr. Kwok is proceeding at his own peril by orchestrating the voyages of this ship to everywhere and anywhere other than the territorial waters of the United States."[30]

c) "Let's be clear about – Let's be clear about one thing: The Court issued an order directing that the boat not be removed from the territorial waters of the United States, upon an application from representatives of Mr. Kwok, or entities that he controlled, to remove the boat from the territorial waters of the United States. That order was disregarded by Mr. Kwok and/or the entities that he controls. That is a contempt of the Court."[31]

d) "If this wasn't gamesmanship and this wasn't flaunting of the Court's orders, and if this wasn't a transparent shell game that Mr. Kwok is engaged in, the boat would be in the territorial waters of the United States and we would resolve the issue of the boat's ownership."[32]

e) "[PAX's counsel] has made more than a prima facie showing that Mr. Kwok controls all of these entities, over the course of multiple hearings, and that Mr. Kwok is in contempt, and his entities are in contempt of prior orders of the Court."[33]

f) "There can't be any dispute that Mr. Kwok and the entities he controlled were restrained from moving that boat from the territorial waters of the United States. And, in defiance of those orders and subsequent orders, the boat remains outside the territorial waters of the United States. And sooner or later the wheels of justice, which grind exceedingly slowly, will resolve the issue."[34]

25.    On November 9, 2021, the Supreme Court of the State of New York Appellate Division, First Judicial Department (the "Appellate Division"), issued an order on the Debtor's appeal of the March 2021 Contempt Order.[35]

26.    The Appellate Division stated as follows:

> The motion court acted within its discretion in holding defendant in civil contempt, as plaintiff established by clear and convincing evidence that defendant violated a lawful, clear mandate of the court, of which he had knowledge, and that such violation resulted

---

[30]    *Id.* at 14:1-4.

[31]    *Id.* at 16:25-17:10.

[32]    *Id.* at 17:15-20.

[33]    Bassett Decl., Ex. 14 at 17:21-25.

[34]    *Id.* at 19:8-15.

[35]    *Pac. All. Asia Opportunity Fund L.P. v. Wan*, 199 A.D.3d 423, 423 (1st Dep't 2021).  The Appellate Division's decision is attached to the Bassett Declaration as **Exhibit 15**.

in prejudice to plaintiffs rights (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Judiciary Law S 753).[36]

27.    The Appellate Division concluded by instructing Justice Ostrager "to proceed with an evidentiary hearing to resolve a dispute as to ownership and control of the yacht, and to assess appropriate penalties."[37]

**E.    Final Contempt Hearing and Participation by HK USA**

28.    On February 2, 2022, the State Court held its final evidentiary hearing with respect to the Final Contempt Motion (the "Final Contempt Hearing").[38]

29.    Mr. Vartan appeared at the Final Contempt Hearing as counsel to HK USA and also for the Debtor's Daughter.[39]

30.    At the beginning of the Final Contempt Hearing, Mr. Siegal, counsel for the Debtor, informed the court that "[t]he first several witnesses are witnesses for [HK USA], the owner of the vessel. And Lee Vartan will be presenting those witnesses for cross-examination."[40]

---

[36]    *Id.*

[37]    *Id.*

[38]    *See* February 2, 2022 Evidentiary Hr'g Tr.  The Feb. 2, 2022 hearing transcript is attached to the Bassett Declaration as **Exhibit 16**.

[39]    Bassett Decl., Ex. 16 at 37:7-9 ("The first several witnesses are witnesses for [HK USA], the owner of the vessel. And Lee Vartan will be presenting those witnesses for cross-examination."); *Id.* at 37:25-38:1 ("Lee Vartan on behalf of Mei Guo"). *See also* Joint Appearance Sheet for February 2, 2022 Hearing at 3, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 1119 (listing Mr. Vartan as "counsel for HK International.").  The Joint Appearance Sheet is attached to the Bassett Declaration as **Exhibit 17**.

HK USA's counsel and the Debtor's counsel in the NY Action were paid by the same Debtor-linked shell company, Golden Spring (New York) Ltd. *See* Letter from K. Kearney, counsel to the Debtor, to E. Moss, counsel to PAX, dated April 7, 2021, at 1-2 (explaining that Mr. Kearney's firm had "represented [the Debtor]" in "[Debtor's appeal of the March 2021 Contempt Order]" and "Payments received by the firm for its services were made by Golden Spring (New York) Ltd.").  This letter is attached to the Bassett Declaration as **Exhibit 22**. *See also* Bassett Decl., Ex. 20 ("all expenses of the Lady May yacht . . . are paid by Golden Spring New York").

[40]    Bassett Decl., Ex. 16 at 37:7-9.

31.     Mr. Vartan proceeded to present four witnesses[41] (all but one of the witnesses offered on behalf of the defense)[42] and make evidentiary objections[43] in defending these witnesses before "turn[ing] things back over to Mr. Siegal" before the conclusion of the hearing.[44]

32.     In connection with the Final Contempt Hearing, the Debtor's Daughter testified that "she directed the Lady May's itinerary"[45] and that "it was [her] decision for the boat to travel from New York to Florida in October 2020, not [her] father's decision."[46]

33.     According to the Debtor's Daughter: "I was aware . . . of the [March 2021 Contempt Order] requiring the Lady May to return to New York in May 2021. However, . . . I did not want the boat to travel to New York, and, after consulting with counsel, directed instead that it proceed to Europe . . . . that decision was mine alone, not my father's."[47]

34.     On February 9, 2022, Justice Ostrager issued his Final Contempt Decision imposing a contempt fine against the Debtor of $134 million.[48]

---

[41]   These witnesses were: (1) the Debtor's Daughter; (2) Momchil Ivanov, current captain of the Lady May, (3) Craig Heaslop, former captain of the Lady May, and (4) Russell Stockil, yacht management director for Yachtzoo (the yacht management company for the Lady May).  *See generally* Bassett Decl., Ex. 16.

[42]   The sole witness offered by the Debtor was Aaron Mitchell, his attorney. Bassett Decl., Ex. 16 at 96:15-18.

[43]   *See, e.g.*, *id.* at 45:9-12; 58:7-11; 60:18-20.

[44]   *Id.* at 96:13-16.

[45]   February 9, 2022 Decision and Order, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 1181 (the "Final Contempt Decision") at 5. The Final Contempt Decision is attached to the Bassett Declaration as **Exhibit 18**.

[46]   January 28, 2022 Mei Guo Affidavit at ¶ 19 ("It was my decision for the boat to travel from New York to Florida in October 2020, not my father's decision.").  The January 28, 2022 Mei Guo Affidavit is attached to the Bassett Declaration as **Exhibit 19**.

[47]   *Id.*, ¶ 20.

[48]   *See* Bassett Decl., Ex. 18.

35.    Justice Ostrager noted in his decision that the issue before him, at the direction of

the Appellate Division, was whether the Debtor beneficially owned and controlled the Lady May.[49]

36.    The Final Contempt Decision resolved this question in the affirmative, determining

that the Debtor—and not HK USA, his daughter or anyone else—owns and controls the Lady

May.[50]

37.    Justice Ostrager made numerous factual findings in support of this conclusion,

including, among others:

a) The Debtor had made "efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidants, and family members."[51]

b) The Debtor, "who is a self-declared multi-billionaire, had secreted his assets in a maze of corporate entities and with family members."[52]

c) The Debtor's use of corporate entities to shield assets from creditors was a "scheme" that had "enabled Kwok to assert that he has no assets despite his lavish lifestyle."[53]

d) The Debtor "exercised dominion and control over" the Lady May.[54]

e) "The testimony adduced at the hearing out of the mouths of defendants' witnesses clearly and convincingly demonstrated that Kwok beneficially owns and controls the Lady May and has utter contempt for this Court and the judicial process."[55]

f) Based on the evidence in connection with the purchase of the Lady May "a reasonable inference is that Kwok provided the funds which were used to purchase the yacht."[56]

g) "Subsequent to this Court's September 30, 2020 restraining Order, in October 2020 the Lady May was sent to Florida and then the Bahamas for repairs and was subsequently

---

[49]    *Id.* at 3 ("Pursuant to the Appellate Division's Order, this Court scheduled the February 2, 2022 evidentiary hearing to resolve the issue of whether Kwok beneficially owns and controls the yacht.").

[50]    *Id.* at 8.

[51]    *Id.* at 1.

[52]    *Id.*

[53]    *Id.*

[54]    *Id.* at 2.

[55]    *Id.* at 7.

[56]    *Id.* at 4.

dispatched to Italy in October 2021, purportedly at the direction of Golden Spring. Ms. Guo acknowledged that she was aware of both this Court's September 30, 2020 restraining Order and this Court's subsequent March 16, 2021 Order directing that the Lady May be returned to the Court's jurisdiction."[57]

h) Testimony of the Debtor's Daughter "that she owns and controls the Lady May cannot be credited in any respect."[58]

i) The Debtor's Daughter "introduced no evidence that she exercised dominion and control of the Lady May, and provided no confirmation that she came into possession of the Lady May, other than as a ruse to shield the Lady May from being levied upon by her father's creditors."[59]

j) "The machinations associated with the shell game Kwok has orchestrated with respect to the Lady May are of a piece with every other evasive and contemptuous act Kwok has taken during the five years this litigation has been pending, which is why there are 1,180 docket entries in this case."[60]

k) "Kwok has much more than a beneficial interest in the Lady May. Not only does Kwok control the yacht, it appears he provided the funds to purchase it and he is the person who principally enjoys the use of the yacht."[61]

l) "The evidence clearly and convincingly demonstrates that Kwok holds a beneficial interest in and controls the Lady May."[62]

### F.    **Chapter 11 Case and Lady May Adversary Proceeding**

38.    After the issuance of the Final Contempt Decision, on February 15, 2022 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing his chapter 11 petition. [Main Case Docket No. 1].

39.    On April 11, 2022, HK USA initiated this adversary proceeding by filing a Complaint against the Debtor and PAX, asserting that HK USA is the exclusive legal owner of the

---

[57]    *Id.* at 5.

[58]    *Id.* at 6-7.

[59]    *Id.* at 7.

[60]    *Id.*

[61]    *Id.* at 8.

[62]    *Id.*

Lady May and that the Debtor does not hold an ownership interest in the Lady May.  Complaint, ¶¶ 39-41.

40.    On September 23, 2022, the Trustee filed his (a) *Answer and Counterclaims* [Adv. Proc. ECF No. 36] (the "Answer and Counterclaims") and (b) *Application for Prejudgment Remedy* [Adv. Proc. ECF No. 37] (the "PJR Application").

41.    The Trustee's First Counterclaim seeks a ruling pursuant to 11 U.S.C. §§ 541 and 542 (i) declaring that the Lady May is property of the Debtor's chapter 11 estate to be administered by the Trustee and (ii) ordering the surrender of the Lady May to the Trustee, all as a result of Justice Ostrager having already decided that the Debtor beneficially owns and controls the Lady May.  *See, e.g.*, Answer and Counterclaims, ¶ 111.

Dated: March 19, 2023          LUC A. DESPINS, CHAPTER 11 TRUSTEE
       New Haven, Connecticut


                               By: */s/ Patrick R. Linsey*
                                   Douglas S. Skalka (ct00616)
                                   Patrick R. Linsey (ct29437)
                                   NEUBERT, PEPE & MONTEITH, P.C.
                                   195 Church Street, 13th Floor
                                   New Haven, Connecticut 06510
                                   (203) 781-2847
                                   dskalka@npmlaw.com
                                   plinsey@npmlaw.com

                                        *and*

                                   Nicholas A. Bassett (admitted *pro hac vice*)
                                   PAUL HASTINGS LLP
                                   2050 M Street NW
                                   Washington, D.C., 20036
                                   (202) 551-1902
                                   nicholasbassett@paulhastings.com

                                        *and*

Avram E. Luft (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
alexbongartz@paulhastings.com

*Counsel for the Chapter 11 Trustee*