**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                                             :          Chapter 11
:
HO WAN KWOK, *et al.*,[1]                          :          Case No. 22-50073 (JAM)
:
Debtor.                            :          (Jointly Administered)
-------------------------------------------------------x
:
HK International Funds Investments          :
(USA) Limited, LLC                                    :
:                           Adv. Proceeding No. 22-05003
Plaintiff                         :
v.                                                                   :
:
Ho Wan Kwok                                           :
:
Defendant                         :
:
-------------------------------------------------------x
:
Chapter 11 Trustee Luc A. Despins             :
:
Counter-Plaintiff                 :
v.                                                                   :
:
HK International Funds Investments          :
(USA) Limited, LLC, and Mei Guo             :
:
Counter-Defendants.            :
-------------------------------------------------------x

**EMERGENCY MOTION TO EXPEDITE HEARING ON MOTION OF**
**CHAPTER 11 TRUSTEE FOR ESTATE OF HO WAN KWOK FOR PARTIAL**
**SUMMARY JUDGMENT ON FIRST COUNTERCLAIM**

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, as chapter 11 trustee (the "<u>Trustee</u>") for the estate of Ho Wan Kwok (the "<u>Debtor</u>"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), hereby moves (the "<u>Motion to Expedite</u>") this Court for entry of an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Partial Summary Judgment on First Counterclaim* (the "<u>Motion for Partial Summary Judgment</u>").[2]  In support of this Motion to Expedite, the Trustee respectfully states as follows:

**<u>JURISDICTION AND VENUE</u>**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

**<u>BACKGROUND</u>**

4.      On April 11, 2022, HK USA initiated this adversary proceeding by filing a Complaint [Adv. Proc. ECF No. 1] against the Debtor and PAX, asserting that HK USA is the owner of the Lady May.

5.      On September 23, 2022, the Trustee filed his (a) *Answer and Counterclaims* [Adv. Proc. ECF No. 36] (the "<u>Answer and Counterclaims</u>") and (b) *Application for*

---

[2]    Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Motion for Partial Summary Judgment.

*Prejudgment Remedy* [Adv. Proc. ECF No. 37] (the "PJR Application"). The Trustee's First Counterclaim seeks a ruling pursuant to 11 U.S.C. §§ 541 and 542 declaring that the Lady May is property of the Debtor's chapter 11 estate to be administered by the Trustee and ordering the surrender of the Lady May to the Trustee, all as a result of Justice Ostrager having already decided that the Debtor beneficially owns and controls the Lady May. The PJR Application sought entry of an order pursuant to the Connecticut Prejudgment Remedy Statute attaching certain assets allegedly owned by Counter-Defendants that are, in reality, property of the estate.

6.    On October 17, 2022, the Trustee filed his motion for a preliminary injunction [Adv. Proc. ECF No. 50] (the "PI Motion") preventing the Counter-Defendants from transferring or encumbering their property wherever located.

7.    On March 15, 2023, the Court heard argument on the PJR Application and the PI Motion. At the hearing, the Counter-Defendants consented to the entry of orders granting the PJR Application and the PI Motion. The corresponding orders were issued by the Court on March 17, 2023. *See* Adv. Proc. ECF Nos. 140 and 142.

8.    Today, the Trustee filed the Motion for Partial Summary Judgment and the related memorandum of law (the "SJ Memo of Law"), pursuant to which the Trustee respectfully requests that this Court grant partial summary judgment in his favor on the First Counterclaim in the Trustee's Answer and Counterclaims. The Trustee incorporates herein by reference the background section from the SJ Memo of Law.

## RELIEF REQUESTED

9.    The Trustee respectfully requests that the Court schedule a hearing on the Motion for Partial Summary Judgment no later than **March 27, 2023**, subject to the Court's availability. In addition, the Trustee requests that the Court order that any objections to the Motion for Partial

Summary Judgment be filed on or before **March 26, 2023 at 4:00 p.m. (ET)**.  The Trustee will

address the arguments raised in any such objections at the hearing on the Motion for Partial

Summary Judgment.

**BASIS FOR RELIEF REQUESTED**

10.     Pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period

when requested by motion where cause is demonstrated.  Cause exists to consider and determine

the Motion for Partial Summary Judgment on an expedited basis.

**I.      Trustee Must Take Immediate Action to Protect Lady May**

11.     The Trustee is deeply concerned about HK USA's willingness and/or ability to

maintain the Lady May (including procuring adequate insurance) and believes that there is a real

risk that HK USA may simply abandon the Lady May.  These concerns are heightened in light of

(i) the arrest of Mr. Ho Wan Kwok by federal law enforcement on March 15, 2023 and (ii) later

that same day, a fire in the 18th floor apartment at the Sherry Netherland Hotel, which apartment

is owned by Genever Holdings LLC (one of the Debtors in these chapter 11 cases).  This and

other recent developments make it imperative that the Court decide as soon as possible the issue

of whether the Trustee is now the owner of the Lady May so that the Trustee can take

appropriate action to protect this valuable estate asset.

**A.      Lady May Insurance Policy Scheduled to Expire on March 28, 2023**

12.     During a conference call on March 6, 2023, counsel to HK USA advised the

Trustee that the current provider of the protection and indemnity ("P&I") insurance policy for the

Lady May declined to extend the current P&I policy beyond March 28, 2023 and that HK USA

had been unable to obtain an alternative P&I policy from any other provider.[3]  While, at the time,

---

[3]     The Trustee has no first-hand knowledge of the reasons as to why multiple insurance providers declined to
provide a P&I policy for the Lady May; however, the Trustee was informed by counsel to HK USA that

the Trustee understood that HK USA was continuing to explore alternatives, it appears that any

such efforts have not been successful.  In fact, on Friday, March 17, 2023, the Trustee inquired

with counsel to HK USA whether the P&I insurance provider would be willing to extend the

current P&I policy for one additional month (so as to allow the parties additional time to find a

replacement P&I policy); however, the Trustee was advised that the insurance provider was not

willing to do so.  Thus, at this time, the current P&I policy for the Lady May will expire on

March 28, 2023, without the prospect of a renewal or new P&I policy.[4]

      **B.**      **Purported Owner of Lady May Appears to Be Abandoning Ship**

      13.      Adding to the Trustee's concerns, on March 17, 2023, HK USA withdrew its

*Motion to Modify Consent Order Granting HK International Funds Investments (USA) Limited,*

*LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Main Case ECF No.

1216] (the "Motion to Modify"), which had sought to authorize and direct the Trustee to fund

operating expenses of the Lady May from the repair reserve (the "Repair Reserve") established

under the *Consent Order Granting HK International Funds Investments (USA) Limited, LLC's*

*Motion for Order Establishing Repair Reserve for the Lady May* [Main Case ECF No. 930].

Notably, HK USA withdrew its Motion to Modify **after** (i) the Trustee had pointed out in his

supplemental objection [Main Case ECF No. 1490] (the "Supplemental Objection") that Lamp

Capital LLC (an entity owned by the Debtor's son), Qiang Guo, was responsible for maintaining

the Lady May in good working order pursuant to a management and operation agreement, and

(ii) this Court had ordered Mei Guo and an officer, director, member, or manager of HK USA

---

numerous insurance providers declined to provide a P&I policy based on a combination of factors, including
that the Lady May was connected to the Debtor.

[4]    The Trustee has been exploring whether he could be able to obtain a P&I policy.  However, as the Trustee is
currently not the owner of the Lady May, it is unlikely that he would be able to do so at this time.

(which may be Mei Guo) to appear personally and testify at an evidentiary hearing on the Motion to Modify.[5]  This sequence of events raises serious questions as to HK USA's intention to maintain the Lady May in working order.

14.      In light of these developments, the Trustee emailed counsel for HK USA on Saturday, March 18, 2023, to inquire as to how HK USA intends to address the foregoing situation, both as to the P&I insurance policy specifically and the funding of Lady May operating expenses generally (whether by HK USA or Lamp Capital LLC).  As of the filing of this Motion to Expedite, the Trustee has not received a response to this inquiry.[6]

15.      The Trustee needs to utilize whatever tools he has at his disposal to protect the Lady May; however, he cannot do so unless and until he is the title owner.  As it is unclear whether HK USA is willing and/or capable to maintain the Lady May (including procuring adequate insurance), the Trustee has no choice but to seek summary judgment as to the ownership of the Lady May on an expedited basis.

II.    **Scheduling an Expedited Hearing on Motion for Partial Summary Judgment Does Not Prejudice Counter-Defendants**

16.      The Trustee submits that scheduling an expedited hearing on the Motion for Partial Summary Judgment does not prejudice the Counter-Defendants, as all relevant issues have already been briefed in connection with the PJR Application.  In fact, the Trustee's Answer and Counterclaims and the PJR Application ***were filed on September 23, 2022—nearly six months ago***.

---

[5]    In fact, the Motion to Modify was withdrawn less than one hour before the deadline for HK USA to submit its witness and exhibit list for the March 23, 2023 evidentiary hearing on the Motion to Modify.

[6]    The Trustee will undertake to update the Court to the extent an eventual response to his inquiry would have an impact on the Trustee's need to prosecute the Motion for Partial Summary Judgment on the proposed expedited basis.

17.     In particular, all issues raised in the Motion for Partial Summary Judgment (which only seeks summary judgment as to the First Counterclaim in the Trustee's Answer and Counterclaims are pure questions of law—namely, whether the Lady May is property of the estate based on collateral estopped arising from the Counter-Defendants' extensive participation alongside the Debtor in his State Court litigation against Pacific Alliance Asia Opportunity Fund L.P.—and all of these issues were previously briefed in the Trustee's memorandum of law in support of the PJR Application (the "PJR Memo of Law") [Adv. Proc. ECF No. 38] at paragraphs 22 through 33. ***No new arguments are raised in the Motion for Partial Summary Judgment and the related Memorandum of Law that had not already been raised in the PJR Memo of Law, nor does the SJ Memo of Law cite to any cases that were not previously cited in the PJR Memo of Law***. Thus, the Counter-Defendants have already had every opportunity to respond to these arguments—and, in fact, they did so in in their objection filed on November 29, 2022 [Adv. Proc. ECF No. 77]. In other words, the parties were ready to argue the exact same issue no more than five days ago and there is no reason they cannot do so again. Under these circumstances, there is no prejudice to expediting the hearing on the Motion for Partial Summary Judgment.

18.     Finally, through the Motion for Partial Summary Judgment, the Trustee only seeks to obtain title to the Lady May to protect this asset and prepare it for an eventual sale. He does not intend to otherwise use the yacht. In any event, no sale of the Lady May will occur without the Court having approved such sale upon motion by the Trustee and notice thereof to all parties in interest.

## NO PREVIOUS REQUEST

19.     No previous request for the relief sought herein has been made by the Plaintiffs to this or any other court.

## CONCLUSION

20.     It is imperative that all steps be taken to preserve this asset for the benefit of this estate and the Debtor's creditors, and, accordingly, the Trustee requests that the Motion for Partial Summary Judgment be heard on an expedited basis.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Plaintiffs respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 19, 2023  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka (ct00616)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft (admitted *pro hac vice*)  
    G. Alexander Bongartz (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6079  
    aviluft@paulhastings.com  
    alexbongartz@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

# **EXHIBIT 1**

## **Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

------------------------------------------------------x
                             :

In re:                              :              Chapter 11
                             :

HO WAN KWOK, *et al.*,[1]        :              Case No. 22-50073 (JAM)
                             :

            Debtor.         :              (Jointly Administered)
------------------------------------------------------x
                             :

HK International Funds Investments  :
(USA) Limited, LLC            :
                             :             Adv. Proceeding No. 22-05003

           Plaintiff       :
v.                              :
                             :

Ho Wan Kwok               :
                             :

          Defendant      :
                             :
------------------------------------------------------x
                             :

Chapter 11 Trustee Luc A. Despins   :
                             :

          Counter-Plaintiff  :
v.                              :
                             :

HK International Funds Investments  :
(USA) Limited, LLC, and Mei Guo    :
                             :

          Counter-Defendants.  :
------------------------------------------------------x

**ORDER SCHEDULING EXPEDITED HEARING ON MOTION OF
CHAPTER 11 TRUSTEE FOR ESTATE OF HO WAN KWOK FOR
PARTIAL SUMMARY JUDGMENT ON FIRST COUNTERCLAIM**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

The Court having considered the motion (the "Motion to Expedite")[2] seeking an expedited hearing on the *Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Partial Summary Judgment on First Counterclaim* [Adv. ECF No. ___] (the "Motion for Partial Summary Judgment"); and good cause appearing for the relief sought in the Motion to Expedite, it is hereby

ORDERED, that a hearing on the Motion for Partial Summary Judgment shall be held on March [___], 2023 at [__]:00 a./p.m. (ET) at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to object to the Motion for Partial Summary Judgment shall be March [__], 2023 at 4:00 p.m. (ET); and it is further

ORDERED, that the Trustee may address any arguments raised in such objections at the Hearing; and it is further

ORDERED, that a copy of this Order, along with the Motion for Partial Summary Judgment and any attachments thereto, shall be served upon all parties to the above-captioned adversary proceeding, and the Trustee shall file a certificate of service in advance of the hearing.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                                       :
In re:                                                 :        Chapter 11
                                                       :
HO WAN KWOK, et al.,¹                                  :        Case No. 22-50073 (JAM)
                                                       :
                Debtor.                                :        (Jointly Administered)
-------------------------------------------------------x
                                                       :
HK International Funds Investments                      :
(USA) Limited, LLC                                     :
                                                       :        Adv. Proceeding No. 22-05003
                Plaintiff                               :
v.                                                     :
                                                       :
Ho Wan Kwok                                            :
                                                       :
                Defendant                               :
                                                       :
-------------------------------------------------------x
                                                       :
Chapter 11 Trustee Luc A. Despins                     :
                                                       :
                Counter-Plaintiff                      :
v.                                                     :
                                                       :
HK International Funds Investments                      :
(USA) Limited, LLC, and Mei Guo                        :
                                                       :
                Counter-Defendants.                    :
-------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

The undersigned hereby certifies that on March 19, 2023, the foregoing Motion to Expedite, and all declarations, exhibits and attachments thereto, was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system.  Parties may access this filing through the Court's CM/ECF system.


Dated: March 19, 2023
       New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    plinsey@npmlaw.com

2