**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtor. : (Jointly Administered)
---------------------------------x
:
HK International Funds Investments :
(USA) Limited, LLC :
: Adv. Proceeding No. 22-05003
Plaintiff :
v. : Re: ECF No. 146
:
Ho Wan Kwok :
:
Defendant :
:
-------------------------------------x
:
Chapter 11 Trustee Luc A. Despins :
:
Counter-Plaintiff :
v. :
:
HK International Funds Investments :
(USA) Limited, LLC, and Mei Guo :
:
Counter-Defendants. :
-------------------------------------x

**ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE FOR ESTATE OF HO WAN KWOK FOR PARTIAL SUMMARY JUDGMENT**

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Upon the motion (the "Motion")[1] of Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding under Rules 7001 and 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order granting summary judgment in the Trustee's favor; and this Court having found that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; the relief requested therein is core proceeding pursuant to 28 U.S.C. § 157(b); venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and there is no genuine issue as to any material fact entitling the Trustee to summary judgment in his favor on the First Counterclaim; after due deliberation and sufficient cause appearing therefor, and for the reasons stated on the record during a hearing held on March 27, 2023, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor is the beneficial owner of, and controls, the yacht the Lady May (as defined below).

3. Effective as of 2:55 p.m. on March 27, 2023, the Lady May (as defined below) is property of the Debtor's chapter 11 estate (the "Estate") pursuant to 11 U.S.C. § 541(a) to be administered by the Trustee. In particular, the sole owner of the Lady May is:

> Name: Luc A. Despins, as the chapter 11 trustee for the estate of Ho Wan Kwok
> Address: c/o Paul Hastings LLP, 200 Park Avenue, New York, New York 10166

---

[1] Capitalized terms used but not otherwise defined have the meanings set forth in the Motion.

4. The "<u>Lady May</u>" refers to the following yacht:

<u>Name</u>: Lady May
<u>Number, Year and Port of Registration</u>: 39 in 2014, George Town, Cayman Islands
<u>IMO/LR Number</u>: 1012359
<u>Official Number</u>: 745195
<u>Signal Letters</u>: ZGDQ9

5. Pursuant to 11 U.S.C. § 542(a), the Counter-Defendants, *i.e.*, HK International Funds Investments (USA) Limited, LLC and Mei Guo, shall deliver the Lady May to the Trustee immediately, and, moreover, shall provide any and all assistance reasonably necessary to (i) enable the Trustee to register the ownership of the Lady May in the name of the Trustee (on behalf of the Estate) and (ii) transition operation and maintenance of the Lady May to the Estate (on behalf of the Estate), including as it relates to procuring appropriate insurance coverage for the Lady May.

6. The Trustee is authorized to take all actions necessary or appropriate to effectuate this Order, including filing all necessary or appropriate registrations to reflect that the Trustee (on behalf of the Estate) is the registered owner of the Lady May.

7. Entry of this Order is without prejudice to the Trustee pursuing the other Counterclaims in the Answer and Counterclaims upon notice and entry of a scheduling order by the Court.

8. This Order is effective immediately, and no stay pursuant to Rule 7062 of the Federal Rules of Bankruptcy Procedure shall be effective, and the Court hereby waives any limitations set forth in Rule 7062 of the Federal Rules of Bankruptcy Procedure on the Trustee's ability to enforce this judgment upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 27th day of March, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut